UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES HARDY, JR.,

        Petitioner,               Case No. 1:14-cv-315

v.                                            Honorable Paul L. Maloney

BONITA HOFFNER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.    Factual Allegations

Petitioner James Hardy, Jr., is incarcerated by the Michigan Department of Corrections pursuant to multiple judgments of conviction and sentence. In the instant action, he challenges a 1995 conviction for first-degree retail fraud, Mich. Comp. Laws § 750.356c, for which he was sentenced as a fourth-offense habitual offender to 4 to 12 years of imprisonment. According to his application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the conviction and sentence. *See People v. Hardy*, No. 197500 (Mich. Ct. App. Feb. 16, 1999). Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on October 26, 1999.

Petitioner asserts that, on March 18, 2009, he filed a motion for relief from judgment in state court pursuant to subchapter 6.500 of the Michigan Court Rules. The motion was denied by the circuit court. He appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court. According to the docket sheet for his appeal,[1] those courts denied leave to appeal on January 27, 2010, and October 26, 2010, respectively.

In 2012, Petitioner sought reconsideration of the denial of his motion for relief from judgment in the circuit court. On October 5, 2012, the circuit court acknowledged a technical error in its prior decision, but denied reconsideration. Petitioner then appealed the order to the court of appeals and the supreme court. The Michigan Court of Appeals denied leave to appeal on September 25, 2013, and the Michigan Supreme Court denied leave to appeal on January 31, 2014.

Petitioner raises the following claims in his application for habeas corpus relief:

---

[1] http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=294638&CourtType_CaseNumber=2.

    I.    PETITIONER'S RIGHT TO DUE PROCESS WAS VIOLATED WHERE THE PROSECUTOR USED A NON-CONVICTION BREAKING AND ENTERING CHARGE WITHIN THE SUPPLEMENTAL INFORMATION TO ENHANCE PETITIONER'S SENTENCE AND THROUGH DECEPTION WAS ALLOWED TO CURE HIS ERROR OUTSIDE THE TWENTY-ONE DAYS MANDATED UNDER MCL 769.13.

    II.    . . . THE HABITUAL OFFENDER INFORMATION AGAINST PETITIONER WAS NOT FILED IN ACCORDANCE WITH [THE] GOVERNING RULE OF LAW, [WHICH] DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND REQUIRES HIS ENHANCED HABITUAL OFFENDER SENTENCE TO BE VACATED.

    III.    WHERE NEWLY DISCOVERED EVIDENCE SHOWS THE TRIAL COURT'S ADMISSION OF OUTCOME DETERMINATIVE ERROR FOR ITS FAILURE TO ADDRESS PETITIONER'S CLAIMS TOWARDS THE UNLAWFUL HABITUAL OFFENDER PROCESS BROUGHT AGAINST HIM, PETITIONER IS NOT BARRED FROM APPROPRIATE FEDERAL HABEAS REVIEW OF THOSE CLAIMS AT THIS TIME.

(Pet., docket #1, Page ID##6, 12, 19.)

    II.    <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In Petitioner's case, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.[2] Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed the judgment of conviction and sentence on February 16, 1999. *See People v. Hardy*, No. 197500 (Mich. Ct. App.). Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on October 26, 1999. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until expiration of the ninety-day period in which Petitioner could have sought review in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 24, 2000. Thus, Petitioner had one year from that date, until January 24, 2001, to file his habeas application. Petitioner filed on or about March 13, 2014. Obviously, he filed

---

[2]Petitioner does not identify a prior impediment to filing his action, rely upon a retroactive rule of law, or base his claims on newly-discovered facts. He asserts that his claims are based on "newly discovered evidence" of an error in the circuit court's opinion denying his motion for relief from judgment (Pet., docket #1, Page ID#19), but an error in his post-conviction proceedings is irrelevant to the validity of his conviction and sentence. Thus, it cannot form the "factual predicate" for a cognizable claim, for purposes of § 2244(d)(1)(D). *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review.").

more than one year after the time for direct review expired. Consequently, his application is time-barred, unless he is entitled to tolling.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner asserts that he filed a motion for relief from judgment on March 18, 2009, long after the statute of limitations had run. The tolling provision in § 2244(d)(2) cannot "revive" a limitations period that has already expired; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Thus, Petitioner's motion did not toll the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner does not allege any facts that would warrant the application of equitable tolling in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations. "'This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *McQuiggin*, 133 S. Ct. at 1931 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). In order to make a showing of actual innocence under *Schlup*, Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 329).

In the instant case, Petitioner proffers no new evidence of his innocence, let alone evidence that makes it more likely than not that no reasonable jury would have convicted him.

*Schlup*, 513 U.S. at 329. Petitioner argues that the "miscarriage of justice" exception applies because his claims assert that the state failed to observe its own procedural rules in the course of his criminal proceedings. He contends that it would be a miscarriage of justice to allow his conviction to stand in these circumstances. The "miscarriage of justice" contemplated by the Supreme Court, however, is the incarceration of an innocent person. The exception only extends to the petitioner who has convincing proof that he is actually innocent. It does not extend to any and every claim asserting a violation of state or federal law; if it did, the exception would swallow the rule, and the statute of limitations would be meaningless. Therefore, because Petitioner has wholly failed to provide any evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: April 16, 2014 /s/ Joseph G. Scoville
U.S. Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).